Filed 6/28/22 P. v. Brogdon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C094200 |
| Plaintiff and Respondent, | (Super. Ct. No. 62174325) |
| v. | |
| NICOLE MARIE BROGDON, | |
| Defendant and Appellant. | |

After a jury found defendant Nicole Marie Brogdon guilty of evading a peace officer, the trial court sentenced her to an upper term of three years, suspended execution of the sentence, and granted three years of probation.  Defendant contends that we must remand for resentencing because the trial court's imposition of an upper term sentence did not satisfy the new requirements of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which took effect while her appeal was pending and applies retroactively to her case.  The People agree.

We conclude Senate Bill 567 is an ameliorative statute that applies retroactively to defendant's nonfinal case and defendant is entitled to resentencing under the amended

1

statute. Accordingly, we vacate the sentence and remand the matter to the trial court to resentence defendant.

## BACKGROUND

The details of the offenses in this case are not relevant to defendant's appeal of her upper term sentence, so we omit them. A jury found defendant guilty of evading a peace officer (Veh. Code, § 2800.2, subd. (a)), resisting a peace officer (Pen. Code, § 148, subd. (a)),[1] and driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)). During trial, defendant also pleaded guilty to driving with a suspended license (Veh. Code, § 14601.1, subd. (a)).

At the sentencing hearing, the trial court considered as aggravating circumstances: (1) defendant's prior convictions (Cal. Rules of Court, rule 4.421(b)(2));[2] (2) prior violations of probation and parole (rule 4.421(b)(5)); (3) the fact that defendant was on probation when she committed the current offense (rule 4.421(b)(4)); and (4) defendant's "total disregard for the safety of others" in driving under the influence, which could easily have resulted in the death of an innocent person (rule 4.421(a)(1)). The trial court considered as mitigating circumstances: (1) defendant's gainful employment since the offense and (2) defendant's success participating in various Placer County support programs, as evidenced by numerous recommendations from program personnel. The report prepared by the Placer County Probation Department noted defendant had experienced abuse and violence, both as a child and in intimate relationships as an adult, but the trial court did not mention these circumstances at the sentencing hearing.

After weighing the aggravating and mitigating factors, and calling it "an extremely close case," the trial court imposed an upper term sentence of three years for evading a

---

[1] Undesignated statutory references are to the Penal Code.

[2] Undesignated rule references are to the California Rules of Court.

2

peace officer, with execution of sentence suspended, and placed defendant on probation for three years. For each of the three misdemeanor offenses, the trial court sentenced defendant to a concurrent sentence of 180 days, execution suspended. Defendant timely appealed.

While defendant's appeal was pending, the Legislature enacted Senate Bill 567 (2021-2022 Reg. Sess.), which took effect on January 1, 2022. Among other things, the bill amended section 1170, subdivision (b) to impose new requirements for trial courts selecting among three possible sentences for an offense. (Stats. 2021, ch. 731, § 1.3.)

## DISCUSSION

As amended, section 1170, subdivision (b) provides that aggravating circumstances now justify the imposition of an upper term sentence only if "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) The amended statute also adds a third acceptable method of factfinding, permitting courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)[3] Newly added subdivision (b)(6) requires imposition of a lower term sentence when certain mitigating factors contributed to the commission of the offense, including when the defendant has experienced psychological, physical, or childhood trauma. (§ 1170, subd. (b)(6).)

---

[3] Defendant asserts that Senate Bill 567 (2021-2022 Reg. Sess.) also limits the trial court's ability to impose an upper term sentence by prohibiting the trial court from considering aggravating circumstances that relate to the defendant, only permitting consideration of aggravating circumstances that relate to the crime itself. (See rule 4.421.) We do not address this assertion because we find the matter should be remanded for a different reason, as explained herein.

The People correctly concede the amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Conley* (2016) 63 Cal.4th 646, 657 ["in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible"]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [holding Sen. Bill 567 applies retroactively to nonfinal convictions on appeal].)

The parties also agree we must remand for resentencing.

We conclude remand is required under section 1170, subdivision (b)(6) and do not reach defendant's other arguments.

In support of remand under section 1170, subdivision (b)(6), defendant indicates that her personal background includes childhood trauma and past abuse. Additionally, the probation report prepared for defendant's sentencing hearing includes references to defendant having been sexually and emotionally abused as a child, and having been physically abused by her spouse as an adult. (CT 136, 139) While this information was apparently known to the trial court, the trial court did not have the benefit of section 1170, subdivision (b)(6) at the time of defendant's sentencing hearing and as such, did not conduct the analysis required of that section. When the trial court imposed sentence, defendant was not entitled to a presumptive lower term upon a showing that mental illness resulted in psychological trauma, which was a "contributing factor in the commission" of her offenses. (§ 1170, subd. (b)(6).) Defendant thus had less incentive to develop a record regarding these issues. By the same token, the trial court had less incentive to assess whether psychological trauma was a contributing factor. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242 ["record is likely incomplete relative to statutory factors enacted after judgment [is] pronounced"], citing *People v. Frahs* (2020) 9 Cal.5th 618, 637-638.) When a sentencing court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the

4

record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) The record before us does not make it clear that the trial court would have imposed the upper term had section 1170, subdivision (b)(6) been in effect at the time. (*Banner*, at p. 242.) Therefore, we find remand is necessary.

On remand, the trial court may revisit all of its sentencing choices in light of new legislation. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

## DISPOSITION

The sentence is vacated and the matter is remanded to the trial court for resentencing.


/s/
EARL, J.

We concur:


/s/
MAURO, Acting P. J.


/s/
DUARTE, J.